**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 13, 2006**

**TENTH CIRCUIT**

BRIAN J. McGOLDRICK,

        Petitioner - Appellant,

v.

DAVID R. McKUNE, Warden,
Lansing Correctional Facility,

        Respondent - Appellee.

No. 06-3221
(D. Kansas)
(D.C. No. 05-CV-3288-JTM)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Brian J. McGoldrick is a Kansas state prisoner currently serving 412 months' imprisonment on state convictions for one count of aggravated robbery, nine counts of robbery, and one count of possession of cocaine. On June 27, 2005, Mr. McGoldrick filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. In his application Mr. McGoldrick alleged that (1) the sentencing court violated his constitutional rights by imposing a sentence greater than the 194 months recommended in the plea agreement; (2) the state violated his due-process rights by failing to recommend a sentence of 194 months' imprisonment as it agreed to

do in his plea agreement; (3) there was insufficient evidence to support his robbery convictions; (4) his conviction on two of the robbery counts was unconstitutional because the wrong victims were alleged; and (5) he received ineffective assistance of counsel at trial and on appeal. These arguments were previously raised before the Kansas state courts in Mr. McGoldrick's postconviction motion attacking his sentence. On May 10, 2006, the district court denied Mr. McGoldrick's application; and on July 5, it denied him a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal the denial of a motion under § 2254). Mr. McGoldrick now seeks a COA from this court to appeal the district court's denial of his § 2254 application. We deny a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (internal quotation marks and citations omitted). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA" *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We have carefully considered Mr. McGoldrick's pleadings and the record before us. No reasonable jurist could disagree with the district court's thorough

and well-reasoned resolution of the issues.  Therefore, we DENY a COA and

DISMISS Mr. McGoldrick's appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge